UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN KERRY O'KEEFE,

    Petitioner,

v.

TIM GARRETT, *et al.*,

    Respondents.

Case No. 3:22-cv-00327-LRH-CLB

**ORDER DISMISSING ACTION**

    This habeas corpus action was initiated on July 21, 2022, by Brian Kerry O'Keefe, an individual incarcerated at Nevada's Lovelock Correctional Center. O'Keefe paid the filing fee on August 3, 2022 (ECF No. 7), so the Court will order the petition filed. On August 8, 2022, O'Keefe filed a motion (ECF No. 8) requesting that the Court take judicial notice of his payment of the filing fee. It is not necessary that the Court take judicial notice of the payment, however, and O'Keefe's motion for the Court to do so will be denied.

    The Court now screens O'Keefe's habeas petition and, finding that the petition does not state a claim on which habeas corpus relief could be granted, the Court will dismiss this action.

    O'Keefe's petition is styled as one brought under 28 U.S.C. § 2241. *See* Petition for Writ of Habeas Corpus (ECF No. 1-1). In the petition, O'Keefe, who is incarcerated pursuant to one or more state court judgments of conviction, challenges a 2004 burglary conviction in Nevada's Eighth Judicial District Court (Clark County). *See id*. at 3 (ECF No. 1-1, p. 2). However, 28 U.S.C. § 2254 is the "exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment .... § 2254 is properly seen as a limitation on the general grant of habeas authority in § 2241 that is triggered by a state prisoner who is in custody pursuant to a state court judgment." *White v.*

*Lambert*, 370 F.3d 1002, 1010 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). Because O'Keefe's petition reveals that he is in custody pursuant to a state court judgment, § 2254—as opposed to § 2241—is the exclusive vehicle for his habeas petition. *Id*. The Court will dismiss this action on this ground.

Viewed as a petition under § 2254, O'Keefe's petition would present several issues that cannot properly be analyzed based upon his current petition, largely because his current petition is not on the form required by this Court for a petition for writ of habeas corpus under § 2254. For example, it is unclear whether O'Keefe would be considered "in custody" on his 2004 burglary conviction, as would be required for a petition under § 2254. Also, it appears that the one-year limitations period applicable to a § 2254 petition under the 1996 Anti–Terrorism and Effective Death Penalty Act ("AEDPA") (*see* 28 U.S.C. § 2254(d)) expired long ago, and O'Keefe does not allege any colorable basis to overcome that procedural bar; O'Keefe asserts in a generic manner that he is actually innocent, but does not allege that he has discovered the kind of new evidence of actual innocence required to overcome an AEDPA statute of limitations bar. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). Therefore, the Court will not treat O'Keefe's current petition as one under § 2254, but, rather, will dismiss this action without prejudice to O'Keefe initiating a new habeas action under § 2254, using the correct form to do so.

O'Keefe has filed a motion requesting that, "as [an] alternative" the Court should consider converting this action to one under 42 U.S.C. § 1983. *See* Motion (ECF No. 3). The Court will deny that motion. As this action was initiated as a habeas action, with the petition on a form meant for a habeas action under 28 U.S.C. § 2241, the Court is without adequate information to screen and further adjudicate this as a § 1983 action.

Furthermore, it is well-established that a prisoner in state custody cannot use a § 1983 action to challenge his confinement; the prisoner's sole federal remedy, with respect to the legal basis for his confinement, is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489, 500 (1973). Where, in a § 1983 action, a state prisoner alleges constitutional violations which would necessarily imply the invalidity of his conviction or sentence, such claims are not cognizable under § 1983 unless the conviction or sentence has been invalidated on appeal, by habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–84 (1994) (§ 1983 claim not cognizable because allegations were akin to claim of malicious prosecution, which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor). O'Keefe makes no allegation that his burglary conviction has been invalidated in any previous proceeding. The Court will, therefore, deny the motion to convert this to a § 1983 action.

      O'Keefe has filed two motions for appointment of counsel (ECF Nos. 5, 9). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The Court determines that appointment of counsel is unwarranted in this case. O'Keefe's motions for appointment of counsel will be denied.

      **IT IS THEREFORE ORDERED** that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1).

      **IT IS FURTHER ORDERED** that Petitioner's motion to take judicial notice (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to convert this action to one under 42 U.S.C. § 1983 (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motions for appointment of counsel (ECF Nos. 5, 9) are **DENIED**.

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send a copy of this order to the Attorney General of the State of Nevada.

DATED THIS 10th day of August, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE